[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2011
JOHN LEY
CLERK

No. 10-10215

_____

D.C. Docket No. 9:08-cv-81403-DTKH

JOHNSON CONTROLS, INC.,
in its capacity as fiduciary for the
Johnson Controls, Inc. Welfare Plan,

Plaintiff - Appellee,

versus

DANIEL J. FLAHERTY,
METNICK, LEVY & LONG, P.A.,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 18, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

In this ERISA[1] action, Appellants David J. Flaherty ("Flaherty") and Metnick, Levy & Long, P.A. ("Metnick") appeal from a final order of summary judgment entered by the district court in favor of Flaherty's employer, Johnson Controls, Inc. ("Johnson Controls"). Johnson Controls sought reimbursement from Flaherty, pursuant to 29 U.S.C. § 1132(a)(3), for medical benefits that its employee benefits plan, Johnson Controls, Inc. Welfare Plan ("the Plan"), had paid on his behalf in connection with a bicycle injury, after Flaherty recovered settlement proceeds for the injury from a third party. Flaherty and Metnick argue that Metnick's attorneys' fees and costs incurred in obtaining the settlement -- amounting to $14,467.44 -- must be deducted from the settlement proceeds before the funds are subject to the Plan's reimbursement claim.

Section 6.06 of the Plan expressly provides, however, that when an employee receives benefits under the Plan and thereafter recovers for his injuries from a third party, the Plan "has the right to be reimbursed for such benefits in full," and "no portion of the [Plan]'s recovery shall be reduced by[] the fees or costs (including attorney's fees) associated with any claim, lawsuit, or settlement agreement in connection with any recovery, without the express written consent of the Plan Administrator." (Emphasis added). The Summary Plan Description also plainly says

_____

[1]Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

that the Plan "ha[s] the right to be reimbursed in full before any amounts (including attorneys' fees) are deducted from any policy, proceeds, judgment or settlement," and that the Plan's "right to . . . reimbursement takes preference over any other claims against the recovery, . . . regardless of how settlement proceeds are characterized."

Where the terms of an ERISA plan are clear and unambiguous -- as they are here -- we must enforce them as written. See Zurich Am. Ins. Co. v. O'Hara, 604 F.3d 1232, 1239 (11th Cir. 2010) (holding that "full reimbursement according to the terms of the Plan's clear and unambiguous subrogation provision [wa]s necessary . . . to effectuate ERISA's policy of preserving the integrity of written plans"). The district court correctly applied the unambiguous terms of the Plan, requiring Flaherty to reimburse Johnson Controls for the entire amount it paid in medical expenses on Flaherty's behalf, without deduction for attorneys' fees and costs.

Accordingly we AFFIRM.